**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC | ) | |
| | ) | CIVIL ACTION FILE NO: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | (Removed from the Superior Court of Cobb County) |
| | ) | |
| BEACON HILL STAFFING GROUP LLC, SHAWNA BESTREICH and ERIK ADAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO: The Judges of the United States District Court, Northern District of Georgia, Atlanta Division.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Beacon Hill Staffing Group LLC[1] and Shawna Bestreich, jointly by and through their undersigned counsel, hereby file this Notice of Removal, removing this action from the Superior

[1] Beacon Hill Staffing Group LLC submits this Notice of Removal without waiving and expressly reserving its rights to challenge this Court's personal jurisdiction over it in this matter.

Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is premised on the following grounds:

**STATEMENT OF FACTS**

1.

On March 9, 2019, Plaintiff Randstad General Partner (US), LLC, filed a Complaint for Injunctive Relief and Damages against Beacon Hill Staffing Group, LLC ("Beacon Hill"), Shawna Bestreich, and Erik Adams, in the Superior Court of Cobb County, Georgia, Civil Action File No. 19101808.

2.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, and pleadings served upon Defendants as of the date hereof are attached as Exhibit B.

3.

The Complaint asserts claims for intentional interference with contractual relations, breach of contract, and civil conspiracy arising from Plaintiff's allegations that Beacon Hill hired away Plaintiff's employees, Ms. Bestreich and Mr. Adams, and facilitated the alleged breaches of their Employee Non-Competition and Confidentiality Agreements.

4.

As shown below, this court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (i) Defendants' Notice of Removal is timely; (ii) complete diversity of citizenship exists between Plaintiff, on one hand, and Defendants, on the other hand; and (iii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, under 28 U.S.C. § 1441(a), Defendants may remove the action to this Court.

5.

Mr. Adams has consented to this removal, as evidenced by his signature on the attached Exhibit A.

**Removal is Timely**

6.

Beacon Hill was served with a copy of the Complaint on March 12, 2019. *See* Ex. B. (attaching Service of Process Transmittal).

7.

Ms. Bestreich was served with a copy of the Complaint on March 13, 2019. *See* Ex. B. (attaching Service of Process Transmittal).

8.

Mr. Adams was served with a copy of the Complaint on March 16, 2019. *See* Ex. B. (attaching Service of Process Transmittal).

9.

Defendants Beacon Hill and Ms. Bestreich have filed this Notice within thirty (30) days after their receipt of the "initial pleadings setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b)(1). *See also* FED. R. CIV. P. 6.

10.

Consequently, this Notice is timely under 28 U.S.C. § 1446(b)(1).

**Complete Diversity of Citizenship Exists**

11.

There exists complete diversity of citizenship between Plaintiff and Defendants, both at the time of the filing of the Complaint and as of the date hereof.

12.

"For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224

(11th Cir. 2013) (internal quotation marks and citations omitted). Likewise, "[a] corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." *Id.* at 1224; 28 U.S.C. § 1332(c)(1).

13.

Beacon Hill is a Massachusetts limited liability company whose members are domiciled in Massachusetts and Florida. Ms. Bestreich is an individual who is a resident of Texas. Mr. Adams is also an individual who is a resident of Texas.

14.

Upon information and belief, Plaintiff is a Delaware limited liability company whose sole member is Randstad North America, Inc., a Delaware corporation whose principal place of business is located in Georgia.

15.

Consequently, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

**The Amount in Controversy Exceeds $75,000.00**

16.

The amount in controversy identified in a plaintiff's complaint controls the determination of whether the matter in controversy exceeds the sum or value of $75,000.00, and unless it appears to a legal certainty that the plaintiff cannot recover the amount it claims, a removing defendant may rely on that valuation to establish the statutory predicate for removal under 28 U.S.C. § 1332(a). 28 U.S.C. § 1446(c)(2); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002). Additionally, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Mitchell*, 294 F.3d at 1315 ("[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy, unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed.").

17.

A removing defendant need only prove that the "'amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement.'" *Pretka v. Koler City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000)) (emphasis added).

18.

The standard for a removing defendant to set forth an amount in controversy is further lowered when removing from state courts that do not require a plaintiff to allege an amount in controversy, such as in Georgia. The Georgia Civil Practice Act does not require that a plaintiff request a specific monetary sum or otherwise set forth the amount in controversy in its pleadings. *See* O.C.G.A. § 9-11-8(a)(2)(B) (requiring that a complaint only include a "demand for judgment for the relief to which the pleader deems himself entitled," with the exception of medical malpractice actions with a claim for unliquidated damages for $10,000.00 or less, in which "the pleadings shall contain a demand for judgment in a sum certain").

19.

The Complaint alleges that Plaintiff is entitled to, *inter alia*, damages arising from allegations that Beacon Hill and Ms. Bestreich intentionally interfered with Plaintiff's contractual relations, that Ms. Bestreich and Mr. Adams breached their employment agreements with Plaintiff, and that the Defendants engaged in civil conspiracy. Plaintiff also seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1, and attorneys' fees pursuant to O.C.G.A. § 13-6-11.

20.

Plaintiff does not set forth a specific monetary demand in its Complaint, instead demanding an award of damages on all counts, compensatory and exemplary or punitive damages, and attorneys' fees, costs, and expenses, along with preliminary and permanent equitable relief and other, unspecified damages. Ex. B., Prayer for Relief ¶¶ 1-4.

21.

Pursuant to O.C.G.A. § 51-12-5.1(f), "if it is found that the defendant acted, or failed to act, with the specific intent to cause harm, . . . there shall be no limitation regarding the amount which may be awarded as punitive damages . . .". In other

words, the $250,000.00 maximum for punitive damages does not apply if the tortfeasor acted with specific intent to cause harm.

22.

Plaintiff alleges in its Complaint that Beacon Hill intentionally interfered with Plaintiff's contractual relationships with Ms. Bestreich and Mr. Adams, and that Ms. Bestreich intentionally interfered with Plaintiff's contractual relationship with Mr. Adams. Ex. B, Compl., ¶ 94.

23.

Furthermore, in a 2017 case Plaintiff brought against Beacon Hill and a former employee, it sought injunctive relief and damages for allegations of tortious interference with a restrictive covenant agreement and for misappropriation of trade secrets. *See Randstad Gen. Partner (US), LLC v. Williams*, No. 1:17-cv-00680-ELH (D. Md. Mar. 10, 2017). In that federal lawsuit, Plaintiff affirmed that the amount in controversy exceeded $75,000.00.

24.

In another 2017 case Plaintiff brought against Beacon Hill and a former employee, it sought injunctive relief and damages for allegations of tortious interference with a restrictive covenant agreement and for misappropriation of trade

secrets. *See Randstad Gen. Partner (US), LLC v. Keliher*, No. 1:17-cv-10404-ADB (D. Mass. Mar. 10, 2017). In that federal lawsuit, Plaintiff affirmed that the amount in controversy exceeded $75,000.00.[2]

25.

This case is brought against Beacon Hill and *two* of Plaintiff's former employees. Therefore, if the previous cases against Beacon Hill and a single former employee exceeded the requisite amount in controversy, this case with similar allegations against Beacon Hill and two of Plaintiff's former employees exceeds the requisite amount in controversy.

26.

Additionally, "[i]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (explaining that courts may use "their judicial experience and common sense [and] make reasonable deductions,

---

[2] The Court may take judicial notice of the pleadings in *Randstad General Partner (US), LLC v. Williams* and *Randstad General Partner (US), LLC v. Keliher*. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (holding that a complaint in another district was a public document subject to judicial notice).

reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable.”). Here, Plaintiff asks that the Court award it “substantial damages.” Ex. B, Compl., ¶ 6. Plaintiff also alleges it “invests heavily in developing and maintaining [c]ustomer relationships and in attracting and retaining top employees,” that it “has developed and maintained, at great expense, valuable and long-standing working relationships and substantial goodwill with its [c]ustomers,” that it has developed confidential information “at significant expense and effort,” and that it “is threatened with losing substantial business.” Ex. B., Compl., ¶¶ 14-22, 45, 61.

27.

It therefore does not appear to a “legal certainty” that Plaintiff cannot recover the jurisdictional amount in controversy of more than $75,000.00 if Plaintiff is successful in its claims. *See* 28 U.S.C. § 1446(c)(2). It is also “facially apparent” from the Complaint that the amount in controversy exceeds $75,000.00.

28.

Consequently, the amount in controversy in this matter exceeds $75,000.00 for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

WHEREFORE, Defendants Beacon Hill and Ms. Bestreich hereby file this Notice of Removal and remove this action from the Superior Court of Cobb County, Georgia, to this Court. By the notification attached hereto as Exhibit C, Defendants shall notify Plaintiff, through its counsel, Defendant Erik Adams, and the Clerk of the Superior Court of Cobb County of Defendants' filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted, this the 11th day of April, 2019.

BERMAN FINK VAN HORN P.C.

*/s/ Benjamin I. Fink*

Benjamin I. Fink
Georgia Bar No. 261090
Lea C. Dearing
Georgia Bar No. 922882
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
bfink@bfvlaw.com
ldearing@bfvlaw.com

*Counsel for Defendants Beacon Hill and Shawna Bestreich*

1104506

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1D AND 5.1B**

Pursuant to Local Rules 7.1D and 5.1B, the undersigned counsel hereby certifies that the foregoing document complies with the Local Rules' requirements as to font in that it has been prepared in Times New Roman, 14 point.

This 11th day of April, 2019.

BERMAN FINK VAN HORN P.C.

By: */s/ Benjamin I. Fink*
Benjamin I. Fink
Georgia Bar No. 261090

*Counsel for Defendants Beacon Hill and Shawna Bestreich*

3475 Piedmont Road, NE
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

**CERTIFICATE OF SERVICE**

I certify that, on April 11, 2019, I electronically filed the foregoing **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record and to Erik Adams via US Mail and his personal email as listed below:

Robert C. Stevens, Esq.
Alex Meier, Esq.
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
bstevens@seyfarth.com
ameier@seyfarth.com

Erik W. Weibust, Esq.
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
eweibust@seyfarth.com
***Counsel for Plaintiff***

Erik Adams
1837 Valencia Drive
Allen, Texas 75013
eradams04@gmail.com
***Defendant***

BERMAN FINK VAN HORN P.C.

*/s/ Benjamin I. Fink*
Benjamin I. Fink
Georgia Bar No. 261090

*Counsel for Defendants Beacon Hill and Shawna Bestreich*

3475 Piedmont Road, N.E., Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Fax)