# Exhibit 5

ID# 2021-0046188-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
21102251
C. LaTain Kell Sr. - 49
APR 09, 2021 03:51 PM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RANDSTAD PROFESSIONALS US, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON SHEPTER LAW,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 21102251 |

**CONSENT ORDER FOR PERMANENT INJUNCTION**

On March 24, 2021, Plaintiff Randstad Professionals US, LLC ("Randstad") filed its Complaint against Defendant Allison Shepter Law. Randstad alleges that Law breached her Employee Non-Competition and Confidentiality Agreement ("Agreement"), breached her duty of loyalty, and tortiously interfered with Randstad's business relationships, all of which Law denies. This matter is now before the Court on the parties' Consent Order for Permanent Injunction.

Law consents to the entry of this order and states that her consent is given knowingly and voluntarily and that she has had the opportunity to, and has in fact, consulted with her counsel prior to consenting to the relief described in this order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has subject matter jurisdiction and personal jurisdiction and venue over the parties in this action are also present.

2. Law signed the Agreement with Randstad on or about April 23, 2018. A copy of Law's Agreement is attached as **Exhibit 1** to this Order.

3. The Agreement is a valid and enforceable contractual expression of Randstad's legitimate business interests in protecting its Confidential Information and trade secrets, its relationships with customers, Talent, and employees, and its customer goodwill in the Baltimore, Maryland market.

4. Randstad has legitimate, protectable business interests in its relationships with its customers, Talent, and employees.

5. Randstad has legitimate, protectable business interests in its Confidential Information and trade secrets.

6. Law agrees that Randstad need not post security in any amount in connection with the entry of this order.

7. The parties waive the entry of any further findings of fact and conclusions of law for purposes of this Order.

8. Accordingly, the Court hereby **ORDERS** that Law is restrained, enjoined, and prohibited from directly or indirectly reproducing, using, distributing, disclosing, publishing, or misappropriating any of Randstad's Confidential Information (as defined in the Agreement) or trade secrets.

9. The Court further hereby **ORDERS** that that until February 5, 2022, Law is restrained, enjoined, and prohibited from directly or indirectly:

a. operating, controlling, or owning any entity which engages in activities competitive with the Business of Randstad (other than owning, as a passive investment, no more than a five (5) percent interest in any such entity) in the following geographic territory: a radius of twenty-five (25) miles of Randstad's office located at 120 E. Baltimore Street in Baltimore, Maryland (hereinafter, the "Restricted Territory"); and

b. holding any position as an employee, agent, contractor, or otherwise, for or with any person or entity which engages in activities competitive with the Business of Randstad in the Restricted Territory if such position involves: (i) providing products or services competitive with the Business of Randstad; (ii) supervising employees or other personnel who provide products or services competitive with the Business of Randstad; (iii) developing or implementing strategies or methodologies related to products or services competitive with the Business of Randstad; or (iv) engaging in responsibilities in which Law would utilize or disclose Randstad's Confidential Information.

10. The Court further hereby **ORDERS** that that until February 5, 2022, Law is restrained, enjoined, and prohibited from directly or indirectly:

a. contacting, soliciting, servicing, selling to, or attempting to contact, solicit, service, or sell to the restricted customers, Placement Candidate, or Talent on the No Contact List attached to the parties' Settlement Agreement; provided, however, that Law is not prohibited from contacting the company identified in the parties' Settlement Agreement so long as such contact is not for the purpose of soliciting, servicing, selling to, or attempting to solicit, service, or sell to such company;

b. contacting, recruiting, or soliciting, or attempting to contact, recruit, or solicit any associate (internal) employee of Randstad with whom Law worked at any time during the twelve (12) months prior to the date of Law's separation of employment with Randstad for the purpose of encouraging, enticing or causing such associate (internal) employee to terminate employment with Randstad, or to accept employment with any person or entity that competes with the Business of Randstad;

c. hiring any associate (internal) employee of Randstad with whom Law worked at any time during the twelve (12) months prior to the date of Law's separation of employment from Randstad for any person or entity that competes with the Business of Randstad;

d. operating, controlling, or owning any entity which engages in activities competitive with the Business of Randstad (other than owning, as a passive investment, no more than a five (5) percent interest in any such entity) in the Restricted Territory; and

11. Notwithstanding sections 9(a), 9(b), and 10(d), but subject to the other restrictions herein, in light of the ongoing COVID-19 pandemic, Randstad agrees that Law will not be violating this Order by working in her home, which is within the Restricted Territory, so long as she is not contacting, soliciting, servicing, selling to, or attempting to contact, solicit, service, or sell to any clients or jobs that are located within the Restricted Territory and so long as she is not contacting, soliciting, servicing, placing, or attempting to contact, solicit, service, or place any Placement Candidates or Talent that are located within the Restricted Territory or are seeking placements within the Restricted Territory. Randstad also agrees that Law will not be violating this Order by performing placements within the Restricted Territory for positions other than accounting, finance, banking, human resources, and other office professional jobs.

12. The injunctive provisions of this order shall be binding on Law and upon any person insofar as he/she/it is acting in the capacity of an agent, servant, or employee of Law.

13. The Court shall retain jurisdiction over this action to ensure compliance with this order and for all other purposes related to this action.

14. The parties are **DIRECTED** to file a joint stipulation of dismissal, with prejudice, no later than seven days after the entry of this Consent Permanent Injunction.

/s/ Eric F. Barton
Eric F. Barton (Georgia Bar No. 040704)
ebarton@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust (to request admission *pro hac vice*)
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Counsel for Plaintiff Randstad Professionals US, LLC*

/s/ Neal F. Weinrich (by EFB w/ express permission)
Neal F. Weinrich (Georgia Bar. No. 294586)
nweinrich@bfvlaw.com
BERMAN FINK VAN HORN P.C.
3475 Piedmont Rd., NE
Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 261-7711
Facsimile: (404) 233-1943

SO ORDERED this 9th day of April, 2021

By: ______________________
Hon. C. LaTain Kell Sr.
Cobb County Superior Court

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing order (Civil Action File No. 21-1-2251-49) upon all parties electronically, via Peach Court, or through the Cobb County Mail System, addressed to the following:

Eric F. Barton, Esq.
Erik W. Weibust, Esq.
ebarton@seyfarth.com
eweibust@@seyfarth.com

Neal F. Weinrich, Esq.
nweinrich@bfvlaw.com

This 21st day of April, 2021.

Natalie C. Bloodworth
for Honorable C. LaTain Kell, Judge
Superior Court of Cobb County
Cobb Judicial Circuit