# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RANDSTAD GENERAL PARTNER (US), LLC,<br><br>Plaintiff,<br><br>v.<br><br>BEACON HILL STAFFING GROUP LLC, SHAWNA BESTREICH and ERIK ADAMS,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:19-CV-01655-ODE |

**PLAINTIFF RANDSTAD GENERAL PARTNER (US) LLC'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Randstad General Partner (US), LLC ("Randstad"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, submit the following responses to Defendants Shawna Bestreich's and Erik Adams's first set of requests for production.

## RESPONSES TO SPECIFIC REQUESTS

**REQUEST NO. 1:**

Any and all documents and ESI evidencing, demonstrating or supporting to any of the claims asserted in the Complaint.

**RESPONSE:**

Randstad objects to Request No. 1 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's

communications with its in-house and outside counsel relating to the claims in the Complaint are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 1 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 1 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Randstad's business activities without any temporal or materiality limitation. Randstad further objects to Request No. 1 because it lacks any temporal limitation. Randstad objects to Request No. 1 as premature, as discovery remains ongoing. Randstad objects to Request No. 1 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it has produced documents responsive to Request No. 1, but that it is continuing to review and identify documents responsive to Request No. 1. Randstad will supplement its production to Request No. 1 if supplementation is appropriate under the Federal Rules of Civil Procedure.

**REQUEST NO. 2:**

Any and all documents and ESI used, referred to, or relied upon to prepare your answers to any Interrogatories served by the Individual Defendants at any time in this case.

**RESPONSE:**

Randstad objects to Request No. 2 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel relating to the preparation of its interrogatory answers are privileged or otherwise protected from disclosure. Randstad also objects to Request Randstad objects to Request No. 2 as premature, as Randstad has not yet prepared its interrogatory answers. Randstad is not withholding documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will supplement its production after preparing its answers to Bestreich's and Adams's interrogatories.

**REQUEST NO. 3:**

Any and all documents and ESI identified or referred to, directly or indirectly, in your answers to any Interrogatories served by the Individual Defendants at any time in this case.

**RESPONSE:**

Randstad refers Bestreich and Adams to its response to Request No. 2.

**REQUEST NO. 4:**

Any and all documents and ESI identified or described in your Initial Disclosures.

**RESPONSE:**

Randstad will produce documents responsive to this Request.

**REQUEST NO. 5:**

Any and all documents, videos, audio recordings and ESI evidencing or relating to any statements (whether written, recorded, transcribed or otherwise memorialized) or affidavits obtained by you or on your behalf from any person having knowledge of any facts relating to the allegations in the Complaint.

**RESPONSE:**

Randstad states that it is not aware of any documents responsive to Request No. 5.

**REQUEST NO. 6:**

Any and all video tapes, tape recordings, film movies, photos, drawings, sketches and paintings supporting or relating to any or all of Plaintiffs' claims in this lawsuit.

**RESPONSE:**

Randstad states that it is not aware of any documents responsive to Request No. 6.

**REQUEST NO. 7:**

Any and all documents and ESI exchanged with any witnesses whom you may use to introduce expert testimony at trial and which constitute either (1) communications that relate to compensation for the expert's study or testimony; (2) communications that identify facts or data that your attorney provided and that the expert considered in forming the opinions to be expressed; and (3) communications that identify assumptions that your attorney provided and that the expert relied on in forming the opinions to be expressed.

**RESPONSE:**

Randstad states that it has not retained an expert and is therefore unaware of any documents responsive to Request No. 7.

**REQUEST NO. 8:**

Any and all investigative reports of any kind prepared by any individual and provided to you or your counsel concerning the subject matter of this action.

**RESPONSE:**

Randstad objects to Request No. 8 because it seeks documents protected by the attorney-client privilege or the work product immunity doctrine. Specifically, communications involving Randstad's in-house or outside counsel relating to subject matter of this action and/or reports prepared on their behalf are privileged or otherwise protected from disclosure. Randstad has withheld documents on the basis of its objections.

**REQUEST NO. 9:**

Any and all written or oral statements which were made by any person and which pertain to the controversy that is the subject of this lawsuit, as well as the transcriptions, recordings, and any summaries of any such statements.

**RESPONSE:**

Randstad objects to Request No. 9 because it seeks documents protected by the attorney-client privilege or the work product immunity doctrine. Specifically, communications involving Randstad's in-house or outside counsel relating to

subject matter of this action are privileged or otherwise protected from disclosure. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it is not aware of any non-privileged documents responsive to Request No. 9, excluding the declarations filed by Bestreich and Adams. Randstad states that Bestreich and Adams have access to their declarations.

**REQUEST NO. 10:**

Any and all reports, summaries, or other documents pertaining to the controversy that is the subject of this lawsuit, which were prepared by any person, whether or not a party to this litigation, including, but not limited to, any forensic reports or analyses.

**RESPONSE:**

Randstad objects to Request No. 10 because it seeks documents protected by the attorney-client privilege or the work product immunity doctrine. Specifically, communications involving Randstad's in-house or outside counsel relating to subject matter of this action are privileged or otherwise protected from disclosure. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it is not aware of any non-privileged documents responsive to Request No. 10.

**REQUEST NO. 11:**

Any and all internal communications and correspondence within Plaintiff that references, discusses, or otherwise addresses the subject matter of this action.

**RESPONSE:**

Randstad objects to Request No. 11 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel relating to subject matter of this action are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 11 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 11 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Randstad's business activities without any temporal or materiality limitation. Randstad further objects to Request No. 11 because it lacks any temporal limitation. Randstad objects to Request No. 11 as premature, as discovery remains ongoing. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it has produced documents responsive to Request No. 11, but that it is continuing to review and identify documents responsive to Request No. 11. Randstad will supplement its production to Request No. 11 if supplementation is appropriate under the Federal Rules of Civil Procedure.

**REQUEST NO. 12:**

Any and all communications and correspondence between you and any third party, other than your counsel, concerning the Complaint or the subject matter of this lawsuit.

**RESPONSE:**

Randstad objects to Request No. 12 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 12 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Randstad's business activities without any temporal or materiality limitation. Randstad also objects to Request No. 12 because it lacks any temporal limitation. Randstad further objects to Request No. 12 to the extent it seeks documents outside Randstad's possession, custody, or control. Randstad has withheld documents on the basis of its objections

**REQUEST NO. 13:**

Any and all documents and ESI exchanged between you and any third party concerning the Complaint or the facts and circumstances at issue in this action.

**RESPONSE:**

Randstad objects to Request No. 13 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel relating to the subject matter

of this action are privileged or otherwise protected from disclosure. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it is not aware of any non-privileged documents responsive to Request No. 13.

**REQUEST NO. 14:**

Any and all documents and ESI that identify, describe, or list Ms. Bestreich's job titles, job description(s), duties, responsibilities, and/or tasks during her employment with Randstad.

**RESPONSE:**

Randstad objects to Request No. 14 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 14 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Bestreich's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 14 because it lacks any temporal limitation. Randstad further objects to Request No. 14 to the extent it seeks documents outside Randstad's possession, custody, or control. Randstad objects to Request No. 14 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 14.

**REQUEST NO. 15:**

Any and all documents and ESI that identify, describe, or list Mr. Adams' job titles, job description(s), duties, responsibilities, and/or tasks during his employment with Randstad.

**RESPONSE:**

Randstad objects to Request No. 15 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 15 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Adams's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 15 because it lacks any temporal limitation. Randstad further objects to Request No. 15 to the extent it seeks documents outside Randstad's possession, custody, or control. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad refers Defendants to documents produced by Randstad.

**REQUEST NO. 16:**

Any and all lists or other documents and ESI that identify Randstad's current or prospective customers or clients that Ms. Bestreich personally solicited, serviced, or supported while Ms. Bestreich was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 16 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 16 is overbroad,

unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Bestreich's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 16 because it seeks cumulative information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad refers Defendants to documents produced by Randstad.

**REQUEST NO. 17:**

Any and all lists or other documents and ESI that identify Randstad's customers or clients for which Ms. Bestreich personally placed candidates while Ms. Bestreich was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 17 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 17 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Bestreich's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 17 because it seeks cumulative information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad refers Defendants to documents produced by Randstad.

**REQUEST NO. 18:**

Any and all lists or other documents and ESI that identify the candidates that Ms. Bestreich personally placed at Randstad customers or clients while Ms. Bestreich was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 18 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 18 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Bestreich's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 18 because it seeks cumulative information. Randstad further objects to Request No. 18 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 18.

**REQUEST NO. 19:**

Any and all documents and ESI which describe, demonstrate or concern any revenue or "spread" earned as a result of placements made by Ms. Bestreich while Ms. Bestreich was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 19 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 19 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to revenue or business resulting from Bestreich-related placements, which would encompass every financial summary that includes revenue generated by Bestreich. Randstad also objects to Request No. 19 because it seeks cumulative information. Randstad further objects to Request No. 19 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 19.

**REQUEST NO. 20:**

Any and all documents and ESI that identify, describe, demonstrate or concern any commissions earned by Ms. Bestreich during her employment with Randstad.

**RESPONSE:**

Randstad objects to Request No. 20 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 20 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that relate to Bestreich's work for Randstad, as those documents could

arguably "demonstrate" or "concern" an entitlement to commissions. Randstad also objects to Request No. 20 because it seeks cumulative information. Randstad further objects to Request No. 20 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 20.

**REQUEST NO. 21:**

Any and all documents and ESI concerning any monies that Randstad received or which remain due from any customer or client resulting from any placement made by Ms. Bestreich while Ms. Bestreich was employed by Randstad.

**RESPONSE:**

Randstad refers Bestreich to its objections and response to Request No. 19.

**REQUEST NO. 22:**

Any and all lists or other documents and ESI that identify Randstad's current or prospective customers or clients that Mr. Adams personally solicited, serviced, or supported while Mr. Adams was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 22 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 22 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Adams's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 22 because it seeks

cumulative information. Randstad further objects to Request No. 22 because it seeks confidential information Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 22.

**REQUEST NO. 23:**

Any and all lists or other documents and ESI that identify Randstad's customers or clients for which Mr. Adams personally placed candidates while Mr. Adams was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 23 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 23 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Adams's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 23 because it seeks cumulative information. Randstad further objects to Request No. 23 because it seeks confidential information Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 23.

**REQUEST NO. 24:**

Any and all lists or other documents and ESI that identify the Randstad customers or clients for which Mr. Adams personally placed candidates while Mr. Adams was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 24 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 19 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to revenue or business resulting from Adams-related placements, which would encompass every financial summary that includes revenue generated by Adams. Randstad also objects to Request No. 24 because it seeks cumulative information. Randstad further objects to Request No. 24 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 24.

**REQUEST NO. 25:**

Any and all lists or other documents and ESI that identify the candidates that Mr. Adams personally placed at Randstad customers or clients while Mr. Adams was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 25 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 25 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Adams's work for Randstad without any temporal or materiality limitation. Randstad also objects to Request No. 25 because it seeks cumulative information. Randstad further objects to Request No. 26 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 25.

**REQUEST NO. 26:**

Any and all documents and ESI which describe, demonstrate or concern any revenue or "spread" earned as a result of placements made by Mr. Adams while Mr. Adams was employed by Randstad.

**RESPONSE:**

Randstad objects to Request No. 26 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 26 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to revenue or business resulting from Adams-related placements, which would encompass every financial summary that includes

revenue generated by Adams. Randstad also objects to Request No. 26 because it seeks cumulative information. Randstad further objects to Request No. 26 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 26.

**REQUEST NO. 27:**

Any and all documents and ESI that identify, describe, demonstrate or concern any commissions earned by Mr. Adams during his employment with Randstad.

**RESPONSE:**

Randstad objects to Request No. 27 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 27 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to revenue or business resulting from Adams-related placements, which would encompass every financial summary that includes revenue generated by Adams. Randstad also objects to Request No. 27 because it seeks cumulative information. Randstad further objects to Request No. 27 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 27.

**REQUEST NO. 28:**

Any and all documents and ESI concerning any monies that Randstad received or which remain due from any customer or client resulting from any placement made by Mr. Adams while Mr. Adams was employed by Randstad.

**RESPONSE:**

Randstad refers Bestreich to its objections and response to Request No. 26.

**REQUEST NO. 29:**

Any and all documents and ESI evidencing, demonstrating or showing the measures which you contend you have taken to protect or maintain the secrecy of any confidential and proprietary information and/or trade secrets that you contend either of the Individual Defendants or anyone allegedly working on behalf or for the benefit of either of the Individual Defendants improperly transferred, sought, obtained, disclosed and/or used, including but not limited to all policies, memoranda, training materials, computer use policies, email policies, and handbooks pertaining in any way to the alleged confidentiality and/or security of Plaintiff's information.

**RESPONSE:**

Randstad objects to Request No. 29 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel regarding other restrictive covenant litigation it initiated is privileged or otherwise protected from disclosure. To the extent that Defendants seek information relating to Randstad's publicly available legal filings, Randstad states those documents are equally available to

Defendants. Randstad also objects to Request No. 29 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 29 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any policies, procedures, and measures to protect confidential information in effect at any time for any Randstad operating company. Randstad further objects to Request No. 29 because it seeks cumulative information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it refers Defendants to documents produced by Randstad.

**REQUEST NO. 30:**

Any and all documents belonging to Randstad which Randstad contends Ms. Bestreich has in her possession, custody or control, and/or which Randstad contends Ms. Bestreich took from Randstad when she left Randstad's employ or in anticipation of leaving Randstad's employ.

**RESPONSE:**

Randstad states that Request No. 30 is premature, as Randstad has not yet received a document production from Bestreich.

**REQUEST NO. 31:**

All documents belonging to Randstad which Randstad contends Mr. Adams has in his possession, custody or control, and/or which Randstad contends Mr. Adams took from Randstad when he left Randstad's employ or in anticipation of leaving Randstad's employ.

**RESPONSE:**

Randstad states that Request No. 31 is premature, as Randstad has not yet received a document production from Adams.

**REQUEST NO. 32:**

Any and all documents and ESI describing or concerning any investigation undertaken or conducted by Randstad or on Randstad's behalf to determine whether either of the Individual Defendants had collected, misappropriated, taken, and/or disclosed any of Randstad's purported trade secrets or confidential information. Such documents shall include, but shall not be limited to, any reports of the investigation, communications about the investigation, or documents summarizing the results of any such investigation.

**RESPONSE:**

Randstad objects to Request No. 32 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel regarding potential evidence of misappropriation of confidential information or trade secrets are privileged or otherwise protected from disclosure. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it does not have any non-privileged documents responsive to Request No. 32.

**REQUEST NO. 33:**

Any and all documents and ESI listing, identifying, describing, constituting or otherwise concerning any trade secret or confidential or proprietary information

which Randstad contends Ms. Bestreich and/or Mr. Adams took or misappropriated from Randstad.

**RESPONSE:**

Randstad refers Bestreich and Adams to its objections and responses to Request Nos. 30-31.

**REQUEST NO. 34:**

Any and all alleged confidential and proprietary information and/or trade secrets which you contend or believe either of the Individual Defendants transferred, downloaded, and/or forwarded or otherwise currently has in his/her possession.

**RESPONSE:**

Randstad refers Bestreich and Adams to its objections and responses to Request Nos. 30-31.

**REQUEST NO. 35:**

Any and all documents and ESI evidencing, demonstrating, supporting, or relating to any damages you allege you have sustained in this action as a result of any actions by either of the Individual Defendants.

**RESPONSE:**

Randstad objects to Request No. 32 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel regarding its damages are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 32 as premature, as discovery remains ongoing. Randstad further objects to

Request No. 32 to the extent it requests documents outside Randstad's possession, custody, or control. Randstad has withheld documents on the basis of its objections.

**REQUEST NO. 36:**

A copy of Ms. Bestreich's personnel file, as well as a copy of any and all files prepared or maintained by any supervisor of Ms. Bestreich relating to Ms. Bestreich's employment.

**RESPONSE:**

Randstad has produced a copy of Bestreich's personnel file.

**REQUEST NO. 37:**

A copy of Mr. Adams' personnel file, as well as a copy of any and all files prepared or maintained by any supervisor of Mr. Adams relating to Mr. Adams' employment.

**RESPONSE:**

Randstad has produced a copy of Adams's personnel file.

**REQUEST NO. 38:**

Any and all documents and ESI concerning Randstad's hiring and/or recruiting of Ms. Bestreich, including but not limited to communications with Ms. Bestreich prior to her commencing employment with Randstad.

**RESPONSE:**

Randstad objects to Request No. 38 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 38 is overbroad, unduly burdensome, and disproportionate because Randstad's pre-hiring

communications with Bestreich are irrelevant to Randstad's claims or Bestreich's defenses. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad refers Bestreich to Request No. 36.

**REQUEST NO. 39:**

Any and all documents and ESI evidencing, demonstrating or identifying the "business strategies, customer lists, and customer information," referenced in paragraph 30 of the Complaint.

**RESPONSE:**

Randstad objects to Request No. 39 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 39 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to Randstad's business strategies, customer lists, and customer information, which would encompass tens of thousands of documents encountered by Bestreich and/or Adams during their employment. Randstad also objects to Request No. 39 because it seeks cumulative information. Randstad further objects to Request No. 39 because it seeks confidential information Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it will produce representative examples of its business strategies, customer lists, and customer information after entry of a protective order.

**REQUEST NO. 40:**

Documents or ESI sufficient to identify the divisions and office locations overseen by Ms. Bestreich during her employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request Nos. 12 and 17-21.

**REQUEST NO. 41:**

Any and all documents and ESI evidencing, demonstrating or relating to the transmission of the Bestreich Agreement to Ms. Bestreich.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 38.

**REQUEST NO. 42:**

Any and all documents and ESI constituting, describing or concerning communications between Randstad and Ms. Bestreich concerning the Bestreich Agreement, including but not limited to any instructions or explanation provided by Randstad to Ms. Bestreich prior to her signing the Bestreich Agreement.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 38.

**REQUEST NO. 43:**

Any and all documents and ESI evidencing, demonstrating or identifying the territory in which Ms. Bestreich worked for or represented Plaintiff during her employment.

**RESPONSE:**

Randstad objects to Request No. 43 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 43 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to Bestreich's activity during her employment with Randstad. Randstad also objects to Request No. 43 because it seeks cumulative information. Randstad further objects to Request No. 43 as unreasonable in its temporal scope. Randstad objects to Request No. 43 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it will produce documents sufficient to identify Bestreich's territory during her employment with Randstad during the applicable time period.

**REQUEST NO. 44:**

Any and all documents and ESI evidencing, demonstrating or identifying the territory in which the customers with whom Ms. Bestreich dealt were located during her employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 43.

**REQUEST NO. 45:**

Any and all documents and ESI evidencing, demonstrating or identifying the territory in which the employees Ms. Bestreich oversaw were located during her employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 43.

**REQUEST NO. 46:**

Any and all documents and ESI evidencing, demonstrating or identifying the employees Ms. Bestreich oversaw during her employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 43.

**REQUEST NO. 47:**

Documents or ESI sufficient to identify the divisions and office locations overseen by Mr. Adams during his employment with Plaintiff

**RESPONSE:**

Randstad objects to Request No. 47 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 47 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to Adams's activity during his employment with Randstad. Randstad also objects to Request No. 47 because it seeks cumulative information. Randstad further objects to Request No. 47 as unreasonable in its temporal scope. Randstad has not withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it is not aware of any documents responsive to Request No. 47.

**REQUEST NO. 48:**

Any and all documents and ESI evidencing, demonstrating or relating to the transmission of the Adams Agreement to Mr. Adams.

**RESPONSE:**

Randstad also objects to Request No. 48 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 48 is overbroad, unduly burdensome, and disproportionate because Randstad's pre-hiring communications with Adams are irrelevant to Randstad's claims or Adams's defenses. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad refers Adams to Request No. 37.

**REQUEST NO. 49:**

Any and all documents and ESI constituting, describing or concerning communications between Randstad and Mr. Adams concerning the Adams Agreement, including but not limited to any instructions or explanation provided by Randstad to Mr. Adams prior to him signing the Adams Agreement.

**RESPONSE:**

Randstad objects to Request No. 49 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 49 is overbroad, unduly burdensome, and disproportionate because Randstad's pre-hiring

communications with Adams are irrelevant to Randstad's claims or Adams's defenses. Randstad has withheld documents on the basis of its objections.

**<u>REQUEST NO. 50:</u>**

Any and all documents or ESI supporting, refuting, or otherwise concerning the allegation that Ms. Bestreich interfered with the Adams Agreement.

**<u>RESPONSE:</u>**

Randstad objects to Request No. 50 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel regarding the basis for Randstad's assertion that Bestreich interfered with the Adams Agreement are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 50 as premature, as discovery remains ongoing. Randstad further objects to Request No. 50 to the extent it requests documents outside Randstad's possession, custody, or control. Randstad objects to Request No. 50 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad will produce documents responsive to Request No. 50.

**<u>REQUEST NO. 51:</u>**

Any and all documents and ESI evidencing, demonstrating or identifying the territory in which Mr. Adams worked for or represented Plaintiff during his employment.

**RESPONSE:**

Randstad objects to Request No. 51 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 51 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents that include any reference to Adams's activity during her employment with Randstad. Randstad also objects to Request No. 51 because it seeks cumulative information. Randstad further objects to Request No. 51 as unreasonable in its temporal scope. Randstad objects to Request No. 51 because it seeks confidential information Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it will produce documents sufficient to identify Adams's territory during his employment with Randstad during the applicable time period.

**REQUEST NO. 52:**

Any and all documents and ESI evidencing, demonstrating or identifying the territory in which the customers or talent with whom Mr. Adams dealt were located during his employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 51.

**REQUEST NO. 53:**

Any and all documents and ESI evidencing, demonstrating or identifying the territory in which the employees, if any, Mr. Adams oversaw were located during his employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 51.

**REQUEST NO. 54:**

Any and all documents and ESI evidencing, demonstrating or identifying the employees Mr. Adams oversaw, if any, during her [*sic*] employment with Plaintiff.

**RESPONSE:**

Randstad states that there are no documents responsive to Request No. 54.

**REQUEST NO. 55:**

Any and all correspondence or other documents or ESI constituting, referring to or describing Randstad's communications with either of the Individual Defendants prior to and/or at the commencement of each Individual Defendant's employment at Randstad. Such documents and ESI shall include but shall not be limited to any communications or negotiations between Randstad and either of the Individual Defendants concerning the Employment Agreements referred to in the Complaint or the substance of such agreements.

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request Nos. 38, 42, and 49.

**REQUEST NO. 56:**

Documents or ESI sufficient to identify the offices to which Ms. Bestreich or Mr. Adams were assigned or which Ms. Bestreich or Mr. Adams managed during the twelve months prior to the end of their employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request Nos. 44-46 and 51-53.

**REQUEST NO. 57:**

Any and all documents and ESI evidencing, demonstrating or identifying the offices in which Ms. Bestreich and Mr. Adams performed services on behalf of Plaintiff during the twelve months prior to the end of their employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request Nos. 44-46 and 51-53.

**REQUEST NO. 58:**

Any and all documents and ESI evidencing, demonstrating or identifying the office in which Plaintiff employed personnel whom Ms. Bestreich directly or indirectly supervised or managed during the twelve months prior to the end of her employment with Plaintiff, including information identifying the offices in which Randstad employed those personnel.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 46.

**REQUEST NO. 59:**

Any and all documents and ESI evidencing, demonstrating or identifying the office in which Plaintiff employed personnel whom Mr. Adams directly or indirectly supervised or managed during the twelve months prior to the end of his employment with Plaintiff, including information identifying the offices in which Randstad employed those personnel.

**RESPONSE:**

Randstad states that it does not have documents responsive to Request No. 59.

**REQUEST NO. 60:**

Any and all documents and ESI evidencing, demonstrating or identifying the region or territory to which Ms. Bestreich and Mr. Adams were actually assigned or which either of them managed during the twelve months prior to the end of their employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request Nos. 44-46 and 51-53.

**REQUEST NO. 61:**

Any and all documents and ESI evidencing, demonstrating or supporting Plaintiff's allegation that Ms. Bestreich did not comply with Section 6 of the Bestreich Agreement as alleged in paragraph 36 of the Complaint.

**RESPONSE:**

Randstad objects to Request No. 61 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel regarding the basis for Randstad's assertion that Bestreich did not comply with her Agreement are privileged or otherwise protected from disclosure. Randstad objects to Request No. 61 because it is premature, as discovery remains ongoing. Randstad further objects to Request No. 61 to the extent it seeks documents outside Randstad's possession, custody, or control. Randstad objects to Request No. 61 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad refers Defendants to its objections and responses to Request Nos. 44-46 and 51-53, as well as Defendants' answers to Randstad's Complaint.

**REQUEST NO. 62:**

Any and all documents and ESI evidencing, demonstrating or relating to Ms. Bestreich's resignation of her employment with Plaintiff.

**RESPONSE:**

Randstad objects to Request No. 62 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel "relating to" Bestreich's resignation are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 62 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 62 is overbroad, unduly burdensome, and disproportionate because it encompasses any email relating to Bestreich's resignation, without regard to the context or parties to the communication and may implicate a significant number of Randstad custodians. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it has produced non-privileged documents relating to Bestreich's resignation.

**REQUEST NO. 63:**

Any and all documents and ESI evidencing, demonstrating or relating to the allegations in paragraph 46 of the Complaint, including but not limited to documents and ESI concerning Ms. Bestreich's alleged "referral" of a Randstad employee to a competitor and the written warning she allegedly received on April 2, 2018.

**RESPONSE:**

Randstad objects to Request No. 63 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel relating to this restrictive covenant dispute are privileged or otherwise protected from disclosure.

Subject to and without waiving the preceding objections, Randstad states that it will produce all non-privileged communications relating to the allegations in paragraph 46 of the Complaint.

**REQUEST NO. 64:**

Any and all documents and ESI evidencing, demonstrating or supporting Plaintiff's allegation that Mr. Adams has not complied with Section 6 of the Adams Agreement as alleged in paragraph 52 of the Complaint.

**RESPONSE:**

Randstad objects to Request No. 64 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel regarding the basis for Randstad's assertion that Adams did not comply with his Agreement are privileged

or otherwise protected from disclosure. Randstad objects to Request No. 64 because it is premature, as discovery remains ongoing. Randstad further objects to Request No. 64 to the extent it seeks documents outside Randstad's possession, custody, or control. Randstad objects to Request No. 64 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad refers Defendants to its objections and responses to Request Nos. 44-46 and 51-53, as well as Defendants' answers to Randstad's Complaint.

**REQUEST NO. 65:**

Any and all documents and ESI evidencing, demonstrating or relating to Mr. Adams' resignation of his employment with Plaintiff.

**RESPONSE:**

Randstad objects to Request No. 65 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel "relating to" Adams's resignation are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 65 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 65 is overbroad, unduly burdensome, and disproportionate because it encompasses any email relating to Adams's resignation, without regard to the context or parties to the communication and may

implicate a significant number of Randstad custodians. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it has produced non-privileged documents relating to Adams's resignation.

**REQUEST NO. 66:**

Any and all documents and ESI evidencing, demonstrating or supporting Plaintiff's allegation that Ms. Bestreich has breached the Bestreich Agreement.

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request No. 61.

**REQUEST NO. 67:**

Any and all documents and ESI evidencing, demonstrating or relating to any job placements made by Ms. Bestreich or Mr. Adams during their employment with Beacon Hill and which Plaintiff claims it would have received but for their conduct.

**RESPONSE:**

Randstad objects to Request No. 67 as premature, as discovery remains ongoing. Randstad also objects to Request No. 67 because it seeks information in Defendants' possession, custody, or control.

Subject to and without waiving the preceding objections, Randstad states that it will produce documents responsive to this request after Defendants have produced documents relating to all placements made during Bestreich's and Adams's employment with BHSG.

**REQUEST NO. 68:**

Any and all documents or ESI listing, identifying, or describing the customers or clients, if any, with which Randstad alleges it has an exclusive agreement to provide services.

**RESPONSE:**

Randstad objects to Request No. 68 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 68 is overbroad, unduly burdensome, and disproportionate because it is not limited to Bestreich's or Adams's customers or clients. Request No .68 is also overbroad, unduly burdensome, and disproportionate because it includes all documents "identifying" or "describing" customers, which would encompass every document and communication relating to those customers. Randstad objects to Request No. 61 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it is not aware of documents responsive to Request No. 68 that relate to Bestreich's and Adams's customers or clients where Randstad has an exclusive agreement to provide services to that customer or client.

**REQUEST NO. 69:**

Documents sufficient to determine the amount and reasonableness of the attorneys' fees and expenses Plaintiff seeks to recover in this action.

**RESPONSE:**

Randstad objects to Request No. 69 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Detailed invoices provide privileged information regarding Randstad's legal strategy and are privileged. *Hair Club for Men, LLC v. Ehson*, No. 1:16-CV-236, 2017 WL 1250998, at *9 (E.D. Va. Apr. 3, 2017) (recognizing that courts "routinely conclude that a party seeking a fee award may produce redacted invoices in the interest of preserving privilege"). It is for those reasons that district courts, including this Court, have recognized that "information concerning [a party's] legal feels and litigation expenses . . . is not ordinarily exchanged during pre-trial discovery. Instead, a party seeking attorney's fees generally files a fee petition after succeeding on its claims." *Unique Sports Prod., Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp. 2d 1318, 1328 (N.D. Ga. 2007) (finding it sufficient for party to provide simply the total figure of attorneys' fees expended).

Subject to and without waiving the preceding objections, Randstad states that it will provide its fee information in the event it succeeds on any claim that warrants fee shifting.

**REQUEST NO. 70:**

Any and all documents and ESI evidencing, demonstrating or supporting Plaintiff's allegation that the Individual Defendants conspired to engage in a

conspiracy with Beacon Hill or with each other as alleged in Count IV of the Complaint.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 1.

**REQUEST NO. 71:**

Any and all documents or ESI supporting, refuting, or otherwise concerning the allegation that Ms. Bestreich has conspired with Beacon Hill and/or Mr. Adams to engage in tortious conduct toward Randstad, including but not limited to documents or ESI identifying or describing the conduct you contend constitutes Ms. Bestreich's acts in furtherance of the alleged civil conspiracy.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 1.

**REQUEST NO. 72:**

Any and all documents or ESI supporting, refuting, or otherwise concerning the allegation that Mr. Adams has conspired with Beacon Hill and/or Ms. Bestreich to engage in tortious conduct toward Randstad, including but not limited to documents or ESI identifying or describing the conduct you contend constitutes Mr. Adams' acts in furtherance of the alleged civil conspiracy.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 1.

**REQUEST NO. 73:**

Any and all documents and ESI evidencing or showing any safeguards or other measures Plaintiff uses or has used to prohibit or otherwise detect any transfer of alleged confidential and proprietary information and/or trade secrets by employees or former employees.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 29.

**REQUEST NO. 74:**

Any and all documents and ESI evidencing, supporting or relating to any damages you alleged to have sustained in this action as a result of any conduct by Ms. Bestreich or Mr. Adams.

**RESPONSE:**

Randstad objects to Request No. 74 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel regarding its damages are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 74 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 74 is overbroad, unduly burdensome, and disproportionate because it encompasses all documents "relating to" Randstad's damages. Randstad also objects to Request No. 74 as premature, as discovery remains ongoing. Randstad further objects to Request No. 74 to the extent it requests documents outside Randstad's possession, custody, or control. Randstad objects to Request No. 74 because it seeks confidential information. Randstad has withheld documents responsive to this request.

Subject to and without waiving the preceding objections, Randstad states that it will produce documents responsive to Request No. 74.

**REQUEST NO. 75:**

Any and all documents and ESI you intend to introduce into evidence at any hearing or trial in this case.

**RESPONSE:**

Randstad objects to Request No. 75 as premature, as Randstad has not yet determined what exhibits it intends to introduce into evidence at any hearing or trial.

Subject to and without waiving the preceding objection, Randstad states that it will identify its exhibits in accordance with the Court's scheduling orders and the Federal Rules of Civil Procedure.

**REQUEST NO. 76:**

Any and all documents evidencing, demonstrating or relating to any attempts by Ms. Bestreich or Mr. Adams to solicit any employees of Plaintiff to leave Plaintiff and/or to join a competitor.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 1.

**REQUEST NO. 77:**

Any and all communications between Plaintiff and any customer or vendor of Plaintiff about Ms. Bestreich or Mr. Adams' employment, or the end of their employment with Plaintiff.

**RESPONSE:**

Randstad refers Defendants to its objections and response to Request No. 1.

**REQUEST NO. 78:**

Any and all documents or ESI concerning Randstad's hiring and/or recruiting of any Beacon Hill employees from January 1, 2014 through the present, as well as documents and ESI sufficient to identify those employees.

**RESPONSE:**

Randstad objects to Request No. 78 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 74 is overbroad, unduly burdensome, and disproportionate because Randstad's hiring and/or recruiting of any BHSG employees are irrelevant to Randstad's claims and Defendants' defenses. Randstad also objects to Request No. 78 as cumulative. Randstad further objects to Request No. 78 as unreasonable in its temporal and geographic scope. Randstad is withholding documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that Randstad has not hired any BHSG employee in Texas between January 1, 2014 to the present.

**REQUEST NO. 79:**

Any and all documents and ESI concerning Randstad's hiring and/or recruiting of Beacon Hill employees between January 1, 2014 and the present.

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request No. 78.

**REQUEST NO. 80:**

Any and all documents and ESI constituting, describing or concerning Randstad's communications with any Beacon Hill employee between January 1, 2014 and the present. Such documents shall include, but not be limited to, communications to Beacon Hill employees from Randstad's Internal Talent Acquisition or Regional Recruiting personnel (or other Randstad personnel recruiting or attempting to recruit individuals to work at Randstad).

**RESPONSE:**

Randstad refers Defendants to its objections and responses to Request No. 78 and to the filings in this litigation.

**REQUEST NO. 81:**

Any and all documents or ESI listing, identifying, or describing the products and services which Randstad contends are the "Business of the Company" and/or "competitive with" or the same as those provided by Beacon Hill, as alleged in paragraph 34 of the Complaint.

**RESPONSE:**

Randstad objects to Request No. 81 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 81 is overbroad, unduly burdensome, and disproportionate because it amounts to a request for all documents relating to Bestreich's and Adams's activity on behalf of Randstad, as well as their colleagues who performed similar functions, without any temporal or materiality limitation. Randstad also objects to Request No. 81 because it lacks any temporal limitation. Randstad further objects to Request No. 81 as premature, as discovery remains ongoing. Randstad objects to Request No. 81 because it seeks

confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it will produce documents responsive to Request No. 81, but that it is continuing to review and identify documents responsive to Request No. 81. Randstad will supplement its production to Request No. 81 if supplementation is appropriate under the Federal Rules of Civil Procedure.

**REQUEST NO. 82:**

Any and all documents and ESI which relate in any way or are in any way responsive to any of the foregoing Requests, and which are recorded or stored in any medium, including but not limited to: video or audio tape, computer memory or computer disks, or any other means of storing and/or retrieving information. This Request includes, but is not limited to any and all notes, letters, memoranda, electronic mail, calendars, computer generated or stored information, programs, spreadsheets, or summaries or recordings or conversations.

**RESPONSE:**

Randstad objects to Request No. 82 because it seeks documents protected by attorney-client privilege or the work product immunity doctrine. Randstad's communications with its in-house and outside counsel relating to the claims in the Complaint are privileged or otherwise protected from disclosure. Randstad also objects to Request No. 82 because it is overbroad, unduly burdensome, and disproportionate. Specifically, Request No. 82 is overbroad, unduly burdensome,

and disproportionate because it amounts to a request for all documents relating to Randstad's business activities and any aspect of this case without any temporal or materiality limitation. Randstad further objects to Request No. 82 because it lacks any temporal limitation. Randstad objects to Request No. 82 as premature, as discovery remains ongoing. Randstad objects to Request No. 82 because it seeks confidential information. Randstad has withheld documents on the basis of its objections.

Subject to and without waiving the preceding objections, Randstad states that it has produced documents responsive to Request No. 82, but that it is continuing to review and identify documents responsive to Request No. 82. Randstad will supplement its production to Request No. 82 if supplementation is appropriate under the Federal Rules of Civil Procedure.

**REQUEST NO. 83:**

A privilege log to the extent you claim that documents responsive to any of the foregoing requests are protected by privilege, indicating the author, recipient, date and general subject matter of the document, together with the basis on which the privilege is asserted.

**RESPONSE:**

Randstad states that it has produced a privilege log identifying documents withheld on the basis of privilege, excluding documents between Randstad's outside

counsel and Randstad control group employees that were sent after Randstad filed suit.

DATED: June 28, 2019

Respectfully submitted,

By: /s/ Robert C. Stevens

Robert C. Stevens
bstevens@seyfarth.com
Alex Meier
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Erik W. Weibust*
eweibust@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210

Attorneys for Plaintiff
RANDSTAD GENERAL PARTNER
(US), LLC

* *Admitted pro hac vice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RANDSTAD GENERAL PARTNER US, LLC,<br><br>Plaintiff,<br>v.<br><br>BEACON HILL STAFFING GROUP, LLC, SHAWNA BESTREICH, and ERIK ADAMS,<br><br>Defendants. | Civil Action No.:<br><br>1:19-CV-01655-ODE |

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2019, the foregoing was served via e-mail to the following attorneys of record:

Benjamin I. Fink
Lea C. Dearing
BERMAN FINK VAN HORN P.C.
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia 30305

By: */s/ Robert C. Stevens*
Robert C. Stevens