# EXHIBIT I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Randstad General Partner (US), LLC, DOCKET NO. 19-cv-01655-MHC

Plaintiff,

Atlanta, Georgia
vs. Wednesday, January 27, 2021

Beacon Hill Staffing Group, LLC, et al,

Defendants.

TRANSCRIPT OF DISCOVERY DISPUTE TELEPHONE CONFERENCE
BEFORE THE HONORABLE MARK H. COHEN
UNITED STATES DISTRICT COURT JUDGE

Appearance of Counsel:

For Plaintiff: Alexander Charles Meier, Esq.
Robert Catron Stevens, Esq.

For Defendant: Lea C. Dearing, Esq.
Benjamin I. Fink, Esq.

Court Reporter: Judith M. Wolff, CRR
Official Court Reporter
1914 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303-3361
(404) 215-1317
judith_wolff@gand.uscourts.gov

ahead.

MS. DEARING: No. No, your Honor. We appreciate understanding the priorities for how the Court reached its decision, and understand. Thank you for that further clarity.

THE COURT: Sure. Sure.

Anything else on the motion to compel?

Okay. And I will follow up, by the way, with a short written order confirming this. You will see that on the docket either later this afternoon or tomorrow morning.

All right. On Randstad's motion for protective order regarding the defendant's 30(b)(6) notice, I am denying that motion. I find that topics 6, 7, 8, 9, 11, and 43 are relevant for discovery purposes to the defense of selective enforcement of restricted covenants by Randstad.

I have read everything you have sent to me. I do not find one case that's been cited which shows that this defense has been rejected by a Georgia court.

Moreover, even if I later agreed with Randstad's legal position and reject the defense's selective enforcement or waiver in some future dispositive motion or in a motion in limine, that would have no bearing on the relevancy of the information sought by the individual defendants during discovery.

And I chuckled a little bit. Randstad of course now is arguing that well, you know, we tried to get all this